Case 4:22-cv-03519   Document 16   Filed on 06/13/24 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
June 14, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RANDALL SCOTT JORDAN, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:22-CV-03519 |
| | § | |
| BOBBY LUMPKIN, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

This case is before the Court on Petitioner Randall Scott Jordan's petition for a writ of habeas corpus challenging the results of a prison disciplinary proceeding. Having carefully considered the petition, the Respondent's answer, Jordan's reply and supplemental brief, and all the arguments and authorities submitted by the parties, the Court is of the opinion that Jordan's petition should be dismissed.

### I. Background

Jordan was convicted of aggravated sexual assault, aggravated kidnapping, and aggravated sexual assault with a deadly weapon and sentenced to three terms of life imprisonment. He does not challenge his conviction or sentence, but rather challenges the results of prison disciplinary proceedings.

1

**II.     Analysis**

In the disciplinary proceeding at issue, Jordan was found guilty of possession of contraband. He received 45 days loss of recreation privileges, 60 days loss of telephone privileges, 60 days loss of commissary privileges, 45 days cell restriction, and a reduction in line class.

The federal habeas corpus statute allows this Court to

> entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). In the context of a prison disciplinary hearing, a claim lies in habeas corpus if it challenges the fact or duration of the petitioner's confinement. *See*, *e.g.*, *Preiser v. Rodriguez,* 411 U.S. 485, 500 (1973).

With regard to all of the penalties imposed on him other than the reduction in time-earning classification, Jordan does not challenge the fact or duration of his confinement. These penalties affected the conditions, but not the duration, of Jordan's confinement.

> Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures. *See Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir.1994). A habeas petition, on the other hand, is the proper vehicle to seek release from custody. *See Pugh v. Parish of St. Tammany,* 875 F.2d 436, 439 (5th Cir.1989).

*Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997).

In this case, the reduction in Jordan's time-earning status resulting from his reduction in line class also fails to state a claim for relief. Good time credit is relevant to a prisoner's release to mandatory supervision. "'Mandatory supervision' means the release of an eligible inmate sentenced to the institutional division so that the inmate may serve the remainder of the inmate's sentence not on parole but under the supervision of the pardons and paroles division." TEX. GOV'T

CODE ANN. § 508.001(5). A prisoner who is eligible for mandatory supervision must be released "when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced." *Id.* at § 508.147(a). Jordan, however, is not eligible for mandatory supervision because he is serving three life sentences, *i.e.*, time served plus good time credit can never equal the term to which he was sentenced. Because Jordan is ineligible for mandatory supervision, restoration of his reduction in time earning status will have no effect on his release date, and habeas corpus relief is unavailable.

### III.   Certificate of Appealability

Jordan has not requested a certificate of appealability ("COA"), but this Court may determine whether he is entitled to this relief in light of the foregoing rulings. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) ("It is perfectly lawful for district court's [sic] to deny a COA *sua sponte*. The statute does not require that a petitioner move for a COA; it merely states that an appeal may not be taken without a certificate of appealability having been issued.") A petitioner may obtain a COA either from the district court or an appellate court, but an appellate court will not consider a petitioner's request for a COA until the district court has denied such a request. *See Whitehead v. Johnson*, 157 F.3d 384, 388 (5th Cir. 1988); *see also Hill v. Johnson*, 114 F.3d 78, 82 (5th Cir. 1997) ("[T]he district court should continue to review COA requests before the court of appeals does.").

A COA may issue only if the petitioner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also United States v. Kimler*, 150 F.3d 429, 431 (5th Cir. 1998). A petitioner "makes a substantial showing when he demonstrates that his application involves issues that are debatable among jurists of reason, that another court could resolve the issues differently, or that the issues are suitable enough to deserve encouragement to

proceed further." *Hernandez v. Johnson*, 213 F.3d 243, 248 (5th Cir. 2000). The Supreme Court has stated that

> Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This Court has carefully considered the petition and concludes that jurists of reason would not find it debatable that Jordan has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and he is not entitled to a certificate of appealability.

### IV.     Order

For the foregoing reasons, Randall Scott Jordan's Petition for Writ Of Habeas Corpus (Doc. # 1) is DISMISSED WITH PREJUDICE. No Certificate of Appealability shall issue in this case.

The Clerk shall notify all parties and provide them with a true copy of this Order.

It is so ORDERED.

SIGNED on June 13, 2024, at Houston, Texas.

_____
Kenneth M. Hoyt
United States District Judge